# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                       No. 11-cr-2525 RB
                                                                       No. 16-cv-0729 RB/WPL

SAUL PERALTA

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Saul Peralta's Motion for Relief Under Fed. R. Civ. P. 60(b). (11-cr-2525, Doc. 82; 16-cv-0729, Doc. 12.) Peralta seeks reconsideration of the order dismissing his habeas corpus petition under 28 U.S.C. § 2255. Having considered Peralta's arguments and the record, the Court will deny the Motion.

**A. Background**

On September 22, 2011, Peralta was charged by Information with three counts:

(1) Count I – Possession with intent to distribute five or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2;

(2) Count II – Carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and

(3) Count III – Felon in possession of a firearm in and affecting commerce in violation of 18 U.S.C. §§ 922(g)(1) and 942(a)(2).

(Doc. 18.[1]) Peralta pled guilty to all three counts. (Doc. 21.) The Court adopted the presentence

---

[1] All CM/ECF document numbers refer to those listed in the criminal case, 11-cr-2525, unless otherwise

report (PSR) findings and, on April 2, 2012, sentenced Peralta to 152 months imprisonment followed by a four-year term of supervised release. (Doc. 47.) The Court entered Judgment on September 10, 2012. (Doc. 48.)

Peralta filed his first *pro se* 28 U.S.C. § 2255 motion on February 1, 2016. (Doc. 59.) He sought relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that his prior convictions should be corrected and that he was "enhanced for crimes that are not violent." (*Id.* at 1.) By a Memorandum Opinion and Order entered March 16, 2016, the Court found Peralta was not enhanced under the residual clause or any other provision of § 924(e). (Doc. 66.) Instead, he was charged as a felon in possession of a firearm in or affecting commerce under the provisions of 18 U.S.C. § 922(g). (*Id.*) The Court, therefore, dismissed the § 2255 petition under Habeas Corpus Rule 4. (*Id.*)

About three months later, the Court appointed counsel for Peralta pursuant to its blanket order directing a "*Johnson* Eligibility Review." (Doc. 70.) Peralta filed a second § 2255 motion through counsel on June 27, 2016. (Doc. 71.) Counsel argued that Peralta's conviction for "aggravated fleeing from a law enforcement" did not qualify as a predicate "crime of violence" under *Johnson*. (*Id.*) By an order entered August 23, 2016, the Court dismissed the second § 2255 motion as second or successive. (Doc. 77.)

Peralta filed the instant Motion to reconsider on January 2, 2018. (Doc. 82.) He argues: (1) the Court misconstrued his argument in his original § 2255 motion; and (2) counsel rendered ineffective assistance in connection with the § 2255 motion.

**B. Discussion**

Rule 60(b) relief is available in § 2255 proceedings, but it "cannot be used to circumvent

---

noted.

restraints on successive habeas petitions." *See Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir. 1998). When a Rule 60(b) motion follows a habeas ruling, courts scrutinize whether the requested relief is tantamount to a second or successive petition. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition). A motion is successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16.

Peralta's motion primarily raises procedural defects in the prior habeas proceedings. However, he continues to argue he should not have been sentenced as a career offender. Consistent with *Spitznas*, the Court will therefore treat the motion as "mixed" and address the Rule 60(b) arguments separately from the successive habeas claims. *See* 464 F.3d at 1217.

Grounds for relief under Rule 60(b) include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(l)–(6). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

Peralta's motion does not meet these standards. First, it is unclear how the Court was mistaken in discerning his original arguments. He contends:

> The Court assumed Mr. Peralta was claiming he was sentenced under the residual clause of the ACCA. But this was not the case. Mr. Peralta's actual claim in his motion was 2 prior state convictions don't qualify as violent crimes for career offender enhancement. I received an enhanced sentence under the career offender provision. *** Further the clause to do this has since been deemed unconstitutional by USSC because of its vagueness and catch-all practices applied in prosecuting federal cases. Mr. Peralta's claim was clear that he was sentenced under the residential clause of the career offender guideline, and he did not mention the ACCA.

(Doc. 82 at 4.) The Court analyzed whether Peralta was entitled to relief under *Johnson* because his one-paragraph handwritten motion specifically challenged his career offender enhancement under *Johnson*. (Doc. 59.) However, even if the Court was wrong, and his claim should not have been analyzed using a void-for-vagueness challenge under *Johnson*, there would still be no grounds for Rule 60(b) relief. Peralta filed his first § 2255 motion on February 1, 2016, nearly four years after entry of his criminal Judgment. (Docs. 48; 59.) Thus, to the extent Peralta was not lodging a void-for-vagueness challenge under *Johnson*/ACCA, the motion was time barred. *See United States v. McGaughy*, 670 F.3d 1149, 1152 n.1 (10th Cir. 2012) (motions under § 2255 must be filed within one year after the defendant's conviction becomes final); 28 U.S.C. § 2255(f)(3) (motions filed after the one-year period must generally be based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.").

Rule 60(b) relief is also unavailable based on any alleged errors by counsel during Peralta's second § 2255 proceeding. It is well established that unless and until an evidentiary hearing is warranted, there is no constitutional right to counsel in post-conviction proceedings. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Further, there is nothing counsel could have done to change the fact that Peralta's petition was second or successive. Rule 60(b) relief is therefore unavailable.

4

To the extent Peralta continues to challenge his career offender enhancement, these arguments constitute successive habeas claims. As the Court previously explained, the "district court does not have jurisdiction to address the merits of a second or successive [habeas] . . . claim until [the Tenth Circuit] has granted the required authorization" to proceed. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also* 28 U.S.C. § 2244(b) (requiring a second or successive § 2254 petition to be certified by the appropriate court of appeals). When the motion is filed without authorization, the district court has discretion to either transfer the matter to the Tenth Circuit in the interests of justice, or dismiss the matter for lack of jurisdiction. *Cline*, 531 F.3d at 1252. Factors to consider in evaluating a transfer include: "whether the claims would be time barred if filed anew in the proper forum, whether the claims . . . are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear . . . that the court lacked the requisite jurisdiction." *Id.* at 1251.

A transfer is not in the interest of justice here because, as noted above, any habeas claims are time barred. Therefore, Peralta's successive habeas claims shall be dismissed without prejudice for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 4, as Peralta has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**THERFORE**,

**IT IS ORDERED** that Peralta's Motion for Relief Under Fed. R. Civ. P. 60(b) (11-cr-2525, Doc. 82; 16-cv-0729, Doc. 12) is **DENIED**; and any successive habeas claims are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

**IT IS FURTHER ORDERED** that, to the extent applicable, a certificate of appealability is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE